The Honorable Betty Dickey Prosecuting Attorney Eleventh Judicial District West Jefferson County Courthouse 101 West Barraque, P.O. Box 9090 Pine Bluff, Arkansas 71611-9090
Dear Ms. Dickey:
This is in response to your request, on behalf of a constituent, for an opinion on three questions concerning municipal finances in Pine Bluff. Specifically, a letter enclosed with your request indicates that it has been reported in a local newspaper that the City of Pine Bluff has "`set aside' $1.3 million dollars to help pay for sewer improvements in the city" and that the "money is likely targeted for the Union community in southwest Pine Bluff. . . ." The letter also indicates that the Mayor has stated that the money "would be available to offset the cost to the property owners for the proposed sewer improvement district # 39 in that area."
The three questions posed with regard to these facts are as follows:
1. Where did the city get this 1.3 million slush fund?
 2. Is it legal for the city to use this money to entice the property owners to sign a petition for an improvement district?
 3. If municipalities are permitted to levy taxes only as allowed by state law, what state law grants the City of Pine Bluff the authority to divert tax levies into a slush fund that can be used to further the particular private interests of city administrators?
The first question presented is one of fact, not law. My office, in the issuance of official Attorney General opinions, concerns itself with matters of law. I am neither equipped nor empowered to act as a factfinder in such capacity. No information is provided, either in your letter requesting an Attorney General opinion, or in the letter enclosed with your request, as to the source of the tax dollars in question. I therefore cannot provide an answer to your first question.
In response to your second question, again, I cannot address this issue without reference to more facts. If the tax dollars at issue are general city revenues, which may be expended for any municipal purpose, there may well be no legal impediment to their expenditure in the manner suggested. I cannot opine upon the legality of using the money to "entice" the formation of an improvement district, however, without additional facts as to the action contemplated in this regard.
In response to your third question, again, I cannot address this issue without knowledge of the source of the tax dollars in question. Some municipal revenues are levied for general municipal purposes, and their expenditure is subject to appropriation by the city council, a body that exercises substantial discretion over such funds. Without further information about the source of revenues, or the "particular private interests of city administrators" to which your constituent's letter alludes, I cannot address the question posed.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh